UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOHN KETCHAM,<br><br>Plaintiff,<br><br>v.<br><br>RODGER MAY and FISH TANK LLC,<br><br>Defendants. | CASE NO. 2:25-cv-01291-JNW<br><br>ORDER TO SHOW CAUSE |
| RODGER MAY and FISH TANK LLC,<br><br>Plaintiffs,<br><br>v.<br><br>JOHN KETCHAM,<br><br>Defendant. | CASE NO. 2:25-cv-01353-JNW |

The Court raises two matters of its own accord.

First, in the Court's order denying Defendants Rodger May and Fish Tank LLC's motion to dismiss, the Court noted that the parties should be prepared to address whether Plaintiff John Ketcham's second cause of action, No. 2:25-cv-01291-JNW, Dkt. No. 7 ¶¶ 51–52, triggers the *Brillhart* abstention doctrine.

ORDER TO SHOW CAUSE - 1

*Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491 (1942). The doctrine permits a federal court, in its discretion, to decline to entertain a claim for declaratory relief when the issues are the subject of a parallel state proceeding. *Id.* at 495; *R.R. St. & Co. Inc. v. Transp. Ins. Co.*, 656 F.3d 966, 975 (9th Cir. 2011). The Ninth Circuit has identified three factors guiding that discretion: "[1] avoiding 'needless determination of state law issues'; [2] discouraging 'forum shopping'; and [3] avoiding 'duplicative litigation.' " *R.R. St. & Co. Inc.*, 656 F.3d at 975 (quoting *Gov't Emps. Ins. Co. v. Dizol*, 133 F.3d 1220, 1224 (9th Cir. 1998)). A court may also consider whether exercising jurisdiction risks "entanglement between the federal and state court systems." *Dizol*, 133 F.3d at 1225 n.5.

Ketcham's second cause of action seeks "an order confirming that nothing about the Receivership or the entry of the Sale Order affected" his lien rights in the Port Moller Property, plus reinstatement of the lien created by the Ketcham Deed of Trust." No. 2:25-cv-01291-JNW, Dkt. No. 7 ¶¶ 49–52. The Property is the subject of a Sale Order in the King County Superior Court receivership. In the related action, *May et al. v. Ketcham*, No. 2:25-cv-01353-JNW (W.D. Wash.), this Court dismissed a parallel declaratory-relief claim under *Brillhart*, finding factors one and three and entanglement favored abstention; factor two favored retention because Ketcham was the removing defendant there; and the Court chose dismissal over a stay because the breach-of-contract claim had been dismissed. *See May v. Ketcham*, No. 2:25-cv-01353-JNW, 2026 WL 575653, at *3–5 (W.D. Wash. Mar. 2, 2026).

Second, the Court raises the question of case consolidation. Federal Rule of Civil Procedure 42(a)(2) provides that if actions involving "a common question of

ORDER TO SHOW CAUSE - 2

law or fact" are pending before the court, "the court may … consolidate the actions…." The district court has broad discretion to consolidate cases under this rule. *See* 9 C. Wright & A. Miller, Federal Practice and Procedure § 2383 (1971); *A/S J. Ludwig Mowinckles Rederi v. Tidewater Const. Co.*, 559 F.2d 928 (4th Cir.1977). *Invs. Rsch. Co. v. U.S. Dist. Ct. for Cent. Dist. of Cal.* 877 F.2d 777, (9th Cir. 1989). This case and *May v. Ketcham,* No. 2:25-CV-01353-JNW (W.D. Wash.), appear to involve common questions of law and fact. Both cases involve the same parties and the same dispute over the Port Moller Property. In the related matter, Rodger May and Fish Tank LLC have informed the Court that they do not object to consolidation. *Id.* at Dkt. No. 22 at 2.

Accordingly, the Court ORDERS the parties to show cause in writing, within FOURTEEN (14) days of this order, in a brief of SEVEN (7) pages or less, why:

1. Ketcham's second cause of action should not be stayed under the *Brillhart* abstention doctrine. The parties should address (i) whether this Court's *May v. Ketcham* analysis of factors one and three and entanglement applies here; (ii) how factor two bears on this action, where Ketcham filed as plaintiff in federal court; and (iii) if *Brillhart* applies, whether a stay or dismissal is the proper remedy given that Ketcham's breach-of-contract claim survives.

2. This case and *May v. Ketcham,* No. 2:25-CV-01353-JNW should not be consolidated under Rule 42(a). The parties should also address the appropriate scope of any such consolidation (e.g., all purposes, pretrial only, trial only, etc.).

The Clerk is directed to calendar this deadline on the docket.

Dated this 1st day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER TO SHOW CAUSE - 4